UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAZMINE I. ROBERTS,

                Plaintiff,

      -against-

MONTEFIORE MOUNT VERNON THE
UNIVERSITY HOSPITAL FOR ALBERT
EINSTEIN COLLEGE OF MEDICINE,

                Defendant.

24-CV-1385 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Jazmine I. Roberts, a Queens resident who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. She names as the Defendant Montefiore Mount Vernon Hospital located in Mount Vernon, New York. By order dated February 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

The following facts are drawn from the complaint.[1] On February 15, 2024, and February 20, 2024, Plaintiff

> [w]ent to Montefiore Mount Vernon The University hospital for Albert Einstein College of Medicine for abdominal pain. I was diagnosed with PID. Dr. Eskee did an examination and stabilization treatment before I was discharged. Once I was discharge I went to pick up the Rx prescribed by Dr. Eskee and I was told that my health insurance member ID's weren't active so I couldn't get Rx. I went back to Montefiore and still haven't been able to request the Rx be sent to a different pharmacy yet.

(ECF 1, at 5.) Plaintiff claims she is "[f]acing discrimination and retaliation due to civil complaint docket 21-2583."[2] (*Id.* at 2.) Plaintiff states, "I'd have to go to a physician to

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff appears to be referring to a decision by the United States Court of Appeals for the Second Circuit, dismissing her appeal. *See Roberts v. Guidance Ctr. of Westchester*, No. 21-2583 (2d Cir. Mar. 21, 2026). Plaintiff had appealed a decision issued by this Court dismissing her complaint, which had been brought against several agencies and departments of municipal governments located in Westchester County, for failure to state a claim. *See Roberts*, ECF 1:20-CV-8409, 10 (S.D.N.Y. June 29, 2021).

document the damage done due to my Rx not being filled by Narayan Pharmacy."[3] (*Id.* at 6.) She seeks money damages.

## DISCUSSION

### A.   Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

### 1.   Federal Question

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that

---

[3] Plaintiff also brought in this court an action against this pharmacy. *See Roberts v. Narayan Pharmacy*, No. 24-CV-1317 (LTS) (S.D.N.Y. May 1, 2024). On April 29, 2024, the Court dismissed Plaintiff's claims against the pharmacy for lack of subject matter jurisdiction. *Id.*

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes this Court's federal question jurisdiction as a basis for the Court's exercise of jurisdiction, but she does not allege facts suggesting that Defendant violated any federal law. Rather, her allegations suggest only that Plaintiff was unable to fill her prescription prescribed by a doctor employed by Defendant. While Plaintiff claims that she suffered discrimination because of her prior litigation in this court, she does not state facts connecting her prior litigation with any conduct on the part of Defendant, or how such a connection would be in violation of any federal law. The alleged facts therefore do not show that any federal law or constitutional right was implicated when Plaintiff attempted to fill her prescription.

### 2. Diversity Jurisdiction

The Court also cannot exercise diversity jurisdiction of any state law claim that Plaintiff may be asserting against Defendant. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff first must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a);

4

*Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff, who resides in the Queens, New York, has not alleged facts demonstrating that there is diversity jurisdiction. All of the information pleaded in the complaint indicates that she and Defendant are in New York, precluding complete diversity of citizenship. The Court therefore cannot exercise subject matter jurisdiction of any state law claim Plaintiff may be asserting.

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend her complaint because the defects in the complaint cannot be cured with an amendment. Any claims Plaintiff may be asserting would arise under state law, and this Court can exercise jurisdiction of such claims only under its diversity jurisdiction. As the parties are not diverse, the Court does not have jurisdiction of the claims.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:  May 2, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

6